**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5135

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ADEKUNLE BARUWA, a/k/a Auday,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:07-cr-00080-1)

Submitted:  May 19, 2008                 Decided:  June 18, 2008

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adekunle Baruwa appeals his conviction for distributing five or more grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2008). We have reviewed the record and find no reversible error.

Baruwa first claims the district court erred in admitting statements made during the drug transaction because they included evidence of an unrelated drug transaction. We review the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). Rule 404(b), Fed. R. Evid., prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but applies only to acts extrinsic to the crime charged. United States v. Higgs, 353 F.3d 281, 311 (4th Cir. 2003). "[W]here testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). "[A]cts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (internal quotation marks and citation omitted).

During the recorded drug transaction, the confidential informant paid a prior debt of twenty dollars to Baruwa in addition to the purchase price of the drugs. If the debt did relate to a

prior drug transaction, the payment of that debt occurred during the drug transaction and became part of a single criminal episode, rendering it intrinsic to the current transaction. Id. Additionally, while Baruwa implies the unnamed debt was related to a prior drug transaction, no evidence presented to the jury establishes the source of the debt, and the repayment of the unknown debt is not likely to have prejudiced Baruwa under Fed. R. Evid. 403. We conclude the district court did not abuse its discretion in denying Baruwa's motion to exclude the evidence.

Baruwa next claims the Government failed to establish a proper chain of custody for the cocaine base. This court reviews challenges to the chain of evidence custody for an abuse of discretion. United States v. Jones, 356 F.3d 529, 535 (4th Cir. 2004). After reviewing the record, we conclude the district court did not abuse its discretion when it found sufficient proof that the evidence was what it purported to be and was not altered in any material respect. See United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982).

Finally, Baruwa challenges the sufficiency of the evidence. A defendant who challenges the sufficiency of the evidence supporting his conviction faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most

favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>United States v. Newsome</u>, 322 F.3d 328, 333 (4th Cir. 2003) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). After reviewing the record in a light favorable to the Government, we conclude there was sufficient evidence for a reasonable finder of fact to find guilt beyond a reasonable doubt.

Accordingly, we affirm Baruwa's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>